## CIRCUIT COURT OF FAIRFAX COUNTY

W. John Layng
and Carol Layng

 v.

Jane Gwinn,
Zoning Adm'r, et al.

February 24, 2000

Case No. C162042

BY JUDGE F. BRUCE BACH

Plaintiffs, W. John Layng and Carol Layng, own property located at 8341 Sparger Street in McLean (the "property"), which is located in the Residential Estate (R-E) zoning district established by Fairfax County. The Plaintiffs trade as Layng & Company Greenhouses and allegedly operate an agricultural business from the property.

On August 14, 1978, the current Zoning Ordinance became effective and required a special exception permit to be issued by the Board of Supervisors for the expansion of any existing plant nursery. Pursuant to the 1978 Ordinance, the Zoning Administrator issued Notices of Violation against Plaintiffs for nursery expansion without the required special exception.

Plaintiffs are alleged to be in violation of ¶ 2, § 15-101, of the Zoning Ordinance, which prohibits plant nursery expansion absent Special Exception approval, by adding buildings in expansion of their plant nursery operation. Additionally, Defendants have also charged that Plaintiffs violated ¶ 5, § 2-302, which prohibits establishment of junkyards in the R-E zoning district. Specifically, the Zoning Administrator found unregistered vehicles, containers, a camper shell, and wood, metal, and plastic being used or stored on the property. Plaintiffs protest the County's charges and brought a Petition for Declaratory Judgment, Injunctive and Other Relief under the Right to Farm Act, Va. Code Ann. §§ 3.1-22.28 and 3.1-22.29 (Michie 1994).

Subsequently, the County demurred. The case was heard on January 28, 2000, and taken under advisement to determine whether the Plaintiffs are agricultural growers and their enterprise falls within the definition of § 3.1-22.29 of the Virginia Code.

A demurrer does not allow the court to evaluate and decide the merits of a claim. It only tests the sufficiency of the factual allegations to determine whether or not a cause of action is stated. Thus, in ruling on the Defendants' demurrer, the court must accept the Layngs' allegations that the Plaintiffs operate an agricultural operation. In Fairfax County, the R-E zoning district permits agricultural activities and operations.

The Right to Farm Act states explicitly that for purposes of the Act, the term agricultural operation shall mean any operation devoted to the *bona fide* production of nursery and floral products. See § 3.1-22.29(B). Plaintiffs assert their operation is manifestly floricultural and horticultural; thus, for purposes of this demurrer, it qualifies as an agricultural use warranting protection under the Right to Farm Act. Defendants' demurrer is overruled.